TIMOTHY J. HOGAN 5312-0
ATTORNEY AT LAW
1050 Bishop Street, No.433
Honolulu, Hawaii 96813
Tel. No. (808) 382-3698
Fax No. (808) 356-1682
E-mail: tjh@timhogan.com

Attorney for Trustee
DAVID C. FARMER

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>Joseph P.K.B. Recca and Shirley Ann Recca<br><br>Debtors | CASE NO. 09-02446 RJF<br>(Chapter 7)<br><br>Judge: Honorable Robert J. Faris |

**TRUSTEE'S REPORT OF SALE OF REAL PROPERTY;
EXHIBITS "A" AND "B"**

David C. Farmer, Trustee of the above-entitled Estate (the "Trustee"), by and through his undersigned counsel, hereby respectfully submits the Trustee's Report of Sale of Real Property; Exhibits "A" and "B."

The Trustee has completed the sale of the Estate's interest the real property commonly known as 1151 E Wainiha Street, Honolulu, Hawaii 96825, TMK NO. (1) 3-9-078-045 (the "Property") to Julie Haraga (the "Buyer"), pursuant to a Sales

Contract. This sale was authorized by the Order Granting Trustee's Motion to Approve Sale of Real Property Free and Clear of Liens and Authorize Partial Disbursement of Sales Proceeds filed on March 18, 2010 (Docket Number 37). The sales price was $400,000, with the Trustee providing a trustee's deed, as is, without warranties, and subject to the Bankruptcy Special Addendum under the term of the Purchase Contract. A copy of the Escrow Closing Statement is attached as Exhibit "A" and a copy of the check received from Escrow (with redacted account information) is attached as Exhibit "B."

    Dated: Honolulu, Hawaii, April 24, 2010.

                                    <u>/S/Timothy J. Hogan</u>
                                    TIMOTHY J. HOGAN
                                    Trustee's Attorney

# Exhibit A



A. **Settlement Statement (HUD-1)**



OMB Approval No. 2502-0265
ESCROW NO. T0-106-0048
OFFICER PAIGE FULLER

| B. Type of Loan | | | | | | |
|---|---|---|---|---|---|---|
| 1. ☐ FHA | 2. ☐ RHS | 3. ☒ Conv. Unins. | 6. File Number: | 7. Loan Number: 3002276 | 8. Mortgage Insurance Case Number: | |
| 4. ☐ VA | 5. ☐ Conv. Ins. | | | | | |

C. **Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name & Address of Seller: | F. Name & Address of Lender: |
|---|---|---|
| JULIE CHUN HARAGA<br>747 AINAPO ST<br>HONOLULU HI 96825 | DAVID C FARMER, TTEE<br>225 QUEEN ST<br>STE 15A<br>HONOLULU HI 96813-4639 | BANK OF HAWAII<br>949 KAMOKILA BLVD STE 342<br>KAPOLEI HI 96707 |

| G. Property Location: | H. Settlement Agent: |
|---|---|
| (1)3/9/078/045 CPR:0000<br>1151 E WAINIHA ST<br>LOT 45<br>HONOLULU HI 96825-2656 | TITLE GUARANTY ESCROW SERVICES, INC.<br>235 QUEEN STREET<br>HONOLULU, HAWAII 96813   Phone No: (808) 592-5252<br>Place of Settlement:<br>KING ST OFFICE<br>1350 S KING ST STE 105<br>HONOLULU HI 96814 |
| | I. Settlement Date: 4/16/2010 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| | | 401 Sales/purchase price | 400,000.00 |
| **Adjustments For Items Paid By Seller In Advance** | | **Adjustments For Items Paid By Seller In Advance** | |
| | | 406 RPTax 04/16/10-07/01/10 @ 664.67/6MO | 276.95 |
| | | 407 Maint 04/16/10-05/01/10 @ 425.75/1MO | 212.87 |
| | | 408 Sewer 04/16/10-07/01/10 @ 299.70/6MO | 124.88 |
| **120. Gross Amount Due From Borrower** | | **420. Gross Amount Due To Seller** | 400,614.70 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| | | 502 Settlement charges to seller (line 1400) | 27,060.92 |
| | | 504 Payoff to: BANK OF AMERICA HOME LOANS | 187,607.50 |
| | | 506 Slr reim Byr: Transfer Taxes | 400.00 |
| | | 507 Slr reim Byr: Escrow Fee | 693.72 |
| | | 508 Slr reim Byr: Owners Policy | 879.00 |
| | | 509 Slr credit for Termite Report | 400.00 |
| **Adjustments For Items Unpaid By Seller** | | **Adjustments For Items Unpaid By Seller** | |
| **220. Total Paid By/For Borrower** | | **520. Total Reduction Amount Due Seller** | 217,041.14 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross Amount Due From Borrower (line 120) | | 601. Gross Amount Due To Seller (line 420) | 400,614.70 |
| 302. Less Amounts Paid By/For Borrower (line 220) | ( ) | 602. Less Reductions In Amount Due Seller (line 520) | ( 217,041.14) |
| 303. Cash ☐ From ☐ To Borrower | | 603. Cash ☒ To ☐ From Seller | 183,5 3.56 |

FINAL HUD-1 SETTLEMENT STATEMENT   DATED:  4/19/2010

Previous editions are obsolete    STATEMENT IS CONTINUED - THE 2ND PAGE ATTACHED HERETO IS A PART HEREOF.    PNF:PNF    form HUD-1

| | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| **L. Settlement Charges** | | |
| **700 TOTAL REAL ESTATE BROKER FEES** | | |
| 701 Commission to ISLANDS INC                12,000.00 | | |
| 702 Commission to KU REALTY LLC              12,000.00 | | |
| 703 COMMISSION PAID AT SETTLEMENT | | 24,000.00 |
| **800 ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| **900 ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| **1000 RESERVES DEPOSITED WITH LENDER** | | |
| **1100 TITLE CHARGES** | | |
| 1101 Title services and lender's title insurance | | 207.07 |
| 1102 Settlement or closing fee to Title Guaranty Escrow | | |
| 1103 Owner's title insurance to TITLE GUARANTY OF HAWAII | | |
| 1104 Lender's title insurance to TITLE GUARANTY OF HAWAII | | |
| 1105 Lender's title policy limit | | |
| 1106 Owner's title policy limit         400,000.00 | | |
| 1107 Agent's portion of title ins premium to Title Guaranty    1,421.20 | | |
| 1108 Underwriter's portion of title ins premium to TICOR         193.80 | | |
| **1200 GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201 Government recording charges | | |
| 1202 Deed $         Mortgage $           Release $ | | |
| 1203 Transfer taxes | | |
| 1204 City/County tax/stamps      Deed $       Mortgage | | |
| 1205 State tax/stamps            Deed $       Mortgage | | |
| 1206 ORDER APPNTNG TTEE    $ | | 30.00 |
|      ORDER APRVNG SALE    $ | | 37.00 |
| **1300 ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301 Required services that you can shop for | | |
| 1302 Reimburse-Condominium Doc to KU REALTY LLC | | 214.19 |
| 1303 Maintenance Fees to MARINERS VILLAGE AOAO | | 2,572.66 |
| **1400 TOTAL SETTLEMENT CHARGES (ENTER ON LINE 103, SECTION J AND 502, SECTION )** | | 7,06 .92 |

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: · HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services; · Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; · Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower s likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the ime of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.

The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.

The information requested does not lend itself to confidentiality.

Previous editions are obsolete        FINAL  HUD-1 SETTLEMENT STATEMENT    DATED:   4/19/2010                                           form HUD-1
                         STATEMENT IS CONTINUED – THE 3RD PAGE ATTACHED HERETO IS A PART HEREOF.                             PNF:PNF

The undersigned read and understands the Controlled Business Arrangement
Disclosure Statement from Title Guaranty Escrow Services, Inc.


Payoff to: BANK OF AMERICA HOME LOANS
   Loan no. 4062498102
   Principal balance                    187,607.50

Lender's payoff demand is available upon request.


MORTGAGE PAYOFFS prorated to estimated date
of receipt of collecting institution.

FIRE INSURANCE to be handled by MASTER policy
through maintenance fee.

RETAIN THIS STATEMENT for possible income tax purposes.


FINAL  HUD-1 SETTLEMENT STATEMENT   DATED:   4/19/2010

STATEMENT IS CONTINUED - THE 4TH PAGE ATTACHED HERETO IS A PART HEREOF.        PNF:PNF

**To view this form in a larger text, go to www.tghawaii.com Real Estate Forms Library.**

## ESCROW INSTRUCTIONS and GENERAL PROVISIONS

The Escrow Instructions and General Provisions (the "Escrow Instructions") under which this escrow will be processed are printed below. Please read them carefully. If you have any questions, please contact your escrow officer. Any requested changes to these Escrow Instructions must be received and accepted by Escrow and all other parties to this escrow in writing within ten days of the date of the opening letter. Otherwise, all of the Escrow Instructions on these pages will govern this transaction.

## ESCROW INSTRUCTIONS

To: Title Guaranty Escrow Services, Inc. ("Escrow")

The Parties agree to the sale and purchase, refinance, or exchange, of the referenced property.

Escrow will collect and hold all documents and funds delivered to Escrow pursuant to the Contract, Lender's Instructions, if applicable, and these Escrow Instructions. If the Parties have not delivered to Escrow all appropriate and necessary documents, Escrow is authorized to have them prepared for execution. Escrow is authorized to deliver or record, or both, said documents and to apply and disburse the funds delivered to Escrow pursuant to the Contract, Lender's Instructions, if applicable, these Escrow Instructions and the Closing Statement, when Escrow has obtained said documents and funds and when required conditions to the closing of the escrow transaction have been satisfied.

## TENTATIVE CLOSING STATEMENTS ONLY

The Tentative Closing Statement is based upon a pro ration of charges as of a specified date and the understanding that all necessary payments will be current to that date by the Parties. If the pro ration date changes or the necessary payments have not been kept current, Escrow is authorized to close this transaction and to make all necessary payments and adjust all pro rations to the date of closing, unless another date has been agreed upon by the Parties.

## GENERAL PROVISIONS

1. "Contract" means the agreement (including amendments, if any) received by Escrow pertaining to this transaction. "Lender's Instructions" means instructions received by Escrow from a Lender pertaining to this transaction. "Escrow" means Title Guaranty Escrow Services, Inc., a Hawaii corporation. "Party" means each Buyer and Seller as identified in the Contract; Borrower; Lender and in any exchange transaction, each Principal. Unless otherwise agreed to in writing by the relevant parties, all notices and communications must be in writing and may be delivered by: U.S. Mail, courier service, hand delivery, facsimile or other electronic transmission.

2. Time is of the essence in this transaction. Any Party, not being in default, shall have all legal remedies against any other Party for such other Party's default. If this transaction is not in a condition to close as provided in the Contract, or at the time of any extensions made pursuant to the Contract, any Party may, in writing, demand the delivery of any money, property or documents deposited with Escrow by that Party. Escrow shall deliver a copy of such demand to the other Party. Unless the other Party objects to the demand in writing within fifteen (15) days of notice by Escrow, Escrow shall have the right to either comply with the demand or proceed under paragraph 11, below. If the agreed upon closing date has passed, and Escrow has not received a written demand as provided above, Escrow will continue to process this transaction and close.

3. To avoid delays, not less than 48 hours prior to a scheduled disbursement, deposits need to be made by wire transfer or cashiers or certified check drawn on a Hawaii financial institution. Escrow shall verify that all deposits have been cleared by the financial institution into which they are deposited before funds can be disbursed. Funds received in this escrow may be deposited with other escrow funds in any Federally insured Hawaii financial institution. The Parties acknowledge that federal law and regulations limit the amount of insurance on insured deposit accounts per depositor. For insurance coverage, see www.fdic.gov. Escrow may have other deposit accounts in the financial institution in which the funds for this escrow are deposited. The cumulative effect of other accounts of Escrow may limit the amount of insurance available for the funds deposited in this escrow. The Parties agree that Escrow has no liability in the event of failure, insolvency or inability of a financial institution to pay any funds so deposited, including earnings thereon. The sole responsibility of Escrow is to make the deposit.

4. Hawaii law provides that when Escrow holds funds in escrow, any earnings on those funds shall accrue to the credit of the Buyer in the transaction unless written instructions to the contrary are given to Escrow by the Parties. To defray the costs of special handling and accounting for such earnings, an administrative fee of Twenty five Dollars ($25.00) will be added to the normal escrow fees, to be paid by the Party to whom the earnings are paid. Because in many instances the administrative charge will exceed any accrued earnings, unless the Parties otherwise instruct Escrow in writing, the Parties will be deemed to have waived the right to receive such earnings and these Escrow Instructions constitute written instructions to Escrow not to open and hold the funds in an earnings accrual account, in which case the $25.00 charge will not be applicable, and the funds may be placed in a sweep account as permitted by Hawaii law. All earnings on the sweep account will accrue and be payable to Escrow. If the Parties instruct Escrow to open an earnings accrual account, the $25.00 charge will be applicable and the Party to whom the earnings accrue must supply the applicable Social Security Number or other Tax Identification number. A minimum of two (2) business days will be required prior to closing to withdraw and disburse invested funds. Further, in such event, the Party entitled to the earnings and not Escrow will be responsible for any early withdrawal penalty.

5. The Parties agree to pay all charges, including the fees of Escrow, incurred in connection with this transaction, even if the transaction does not close. The Parties further agree that all consent fees and other fees required to be paid in advance in order to process this transaction may be paid by Escrow prior to closing from funds held in escrow. In the event of cancellation, Escrow is not responsible for payment of third party service vendors.

6. Escrow's sole responsibility shall be to comply with the written instructions given to Escrow by the Parties and accepted by Escrow. Any amendment to these Escrow Instructions must be in writing and accepted by Escrow. If there is any conflict between the Contract or Lender's Instructions and these Escrow Instructions, these Escrow Instructions will control.

7. Escrow is neither responsible for, nor assumes any liability for the obligation of any Party to comply with disclosure requirements under Federal and Hawaii law, including without limitation, Haw. Rev. Stat. 508 D, 514A 61, 516 71, and 516D 11.

8. In most instances, each Party's Tentative Closing Statement and Final Closing Statement will differ. Copies of such statements will be furnished to the Party named therein and such Party's real estate agent. Escrow shall comply with the Federal Real Estate Settlement Procedures Act by sending the applicable Closing Statements to the appropriate lending institutions.

9. Unless otherwise agreed upon, all pro-rations and adjustments shall be made as of the date upon which the appropriate documents are recorded. All adjustments and pro-rations shall be made on the basis of a 30-day month.

10. The Parties acknowledge that Escrow is not a title abstractor or title insurer. It is the duty of the Parties to determine the condition of title and all physical attributes of the property, including without limitation, any facts which a correct survey, archaeological report or inspection of the property would disclose. Without limiting the generality of the foregoing, it is the Parties' responsibility to review and understand the contents of any deed, mortgage, and other transaction documents. Escrow does not render legal or financial advice as to the sufficiency or legal effect of such instruments.

11. If any dispute arises with respect to this transaction, or any demand is received by Escrow and Escrow is uncertain as to its duties hereunder, Escrow may at its sole election and without any liability: (1) await, without taking any action, the determination of such dispute by the Parties; or (2) file a suit in interpleader or institute other action in any court of competent jurisdiction for the purpose of having the respective rights and duties of Escrow and the Parties adjudicated. The Parties shall be liable to Escrow for all costs and expenses, including reasonable attorney's fees, incurred by Escrow in connection with any dispute or legal action. The Parties agree that such fees and expenses can be deducted from the funds held in Escrow.

12. To comply with certain Federal and State withholding requirements, Seller shall provide to Escrow a Non Foreign affidavit or other exemption form pursuant to the IRS Code (FIRPTA) and a Non Resident affidavit or other exemption form pursuant to Hawaii law (HARPTA), if applicable. If FIRPTA/HARPTA payments are to be made by Escrow to the IRS and/or State of Hawaii Department of Taxation, Escrow will prepare the FIRPTA/HARPTA forms to attach to the payments and charge Seller $50.00 for the FIRPTA forms and $50.00 for the HARPTA forms. If the Seller has applied for reduction in the withholding amount under the IRS Code (FIRPTA) and closing is scheduled to occur before the applicable withholding certificate is received, Escrow will prepare its withholding agreement to be signed by the applicable parties prior to closing. The Parties understand both State of Hawaii forms and Federal forms require Federal Identification Numbers from the Buyer and Seller, and in some situations, these forms are circulated to each Party for compliance purposes. If the transaction involves payment to a non resident alien, Escrow may also be required to withhold up to thirty percent (30%) of such payment under Federal law. Escrow does not provide tax advice and recommends that any Party affected by these withholdings consult with a tax consultant.

13. If funds are not fully disbursed from any account within two (2) years after closing, Escrow reserves the right to: (1) give a notice to the appropriate Party; and, (2) escheat the balance of funds in such account to the State of Hawaii, pursuant to Chapter 523A, Hawaii Revised Statutes.

14. If at the date of recordation, Escrow does not hold a release of mortgage, Escrow will charge a Release Processing Fee of $55.00. This fee will cover the processing and if necessary, the preparation and recordation of any such release.

15. Real estate documents required for this transaction may be prepared by an attorney designated by a Party. If the Party does not designate the attorney to prepare the documents, Escrow is authorized to select the attorney to prepare the documents. The attorney is not the agent of Escrow. Escrow recommends that the Parties consult and obtain legal advice for this transaction.

16. These Escrow Instructions and other instructions, agreements, approvals or notices regarding this transaction may be signed in counterparts, and unless otherwise required in writing by a Party or by Escrow, a facsimile or electronically transmitted signature or communication as permitted by the Uniform Electronic Transactions Act, shall be as binding and effective for all purposes as the original. Escrow shall have no duty to inquire into or have responsibility for the form, content, due execution, genuineness, validity, sufficiency or enforceability of any agreement, documents, certification, or other papers received by Escrow. The Parties acknowledge that Escrow will assume that all papers received by it have been signed by the proper person, that each such person had capacity and authority to so sign, and that such papers have been signed by the persons whose signatures purport to appear thereon. Escrow shall have no duty to inform any Party regarding any facts which Escrow may have acquired outside this transaction and which concern the property covered by this escrow, unless otherwise requested in writing.

17. Documents relating to this escrow, including your personal information, may be disclosed if Escrow is served with a subpoena or court order.

18. Hawaii Law shall govern this escrow. Each Party agrees to submit to the exclusive jurisdiction of the courts of the State of Hawaii or the United States District Court for the District of Hawaii and waives any objections to venue with respect to actions brought in such courts. The liability of all Parties shall be joint and several unless otherwise expressly stated. All duties, rights and benefits shall inure to and be binding upon the Parties and their respective heirs, personal representatives, successors and assigns.

## PLEASE SIGN BELOW -- RETURN ONE COPY TO ESCROW

I have carefully reviewed this Settlement Statement and to the best of my knowledge and belief, it is true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of this Settlement Statement.

**SIGN HERE**
▶ _____
▶ _____
▶ _____
▶ _____

Future Mailing Address:
_____
_____

This Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

I certify that copies of this Statement have been mailed or delivered to the Buyer and Seller named herein.

THESE ESCROW INSTRUCTIONS ARE ACCEPTED BY THE UNDERSIGNED.

_[signature]_
_____
Settlement Agent
TITLE GUARANTY ESCROW SERVICES, INC.

4/16/2010
_____
Date

**WARNING** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see Title 18 U S Code Section 1001 and Section 1010

# Exhibit B

Title Guaranty Escrow Services, Inc.
KING ST OFFICE, 1350 S KING ST STE 105, HONOLULU, HI 96814
Tel:(808) 592-5252 Fax:(808) 592-5250 Email:kingst@tghawaii.com

-----------------------------------------------------------------

Your Ref No:                                          Check No:       ■479
                                                      Check Date:  4/21/2010

Escrow No:        TO-106-0048
Escrow Officer:   PAIGE FULLER
Phone #           (808) 592-5235
Buyer/Borrower:   HARAGA, JULIE
Seller/Lender:    FARMER TTEE, DAVID

TMK:              1-3-9-078-045-0000
Property:         1151 E WAINIHA ST
                  LOT 45
                  MARINER'S VILLAGE THREE, PHASE II

Check Amount:     $173,573.56
Check Payee:      DAVID C FARMER, TTEE
                  225 QUEEN ST
                  STE 15A
                  HONOLULU HI 96813-4639


PNF:PNF    Printed At: BRANCH COORDINATION              4L - PROCEEDS

---



THE FACE OF THIS CHECK IS PRINTED BLUE - THE BACK CONTAINS A SIMULATED WATERMARK

**Title Guaranty**           T01068048                                  ■479        106-121
**Escrow Services, Inc.**
KING ST OFFICE                                          BANK OF HAWAII
1350 S KING ST STE 105                                  KEEAUMOKU OFFICE
ESCROW CUSTODIAL ACCOUNT                                59-10271213

                                          Date 4/21/2010    $****173,573.56
                                                       VOID IF NOT CASHED WITHIN 90 DAYS

* ONE HUNDRED SEVENTY THREE THOUSAND FIVE HUNDRED SEVENTY THREE DOLLARS AND FIFTY
SIX CENTS

DAVID C FARMER, TTEE                      Title Guaranty Escrow Services, Inc.
225 QUEEN ST
STE 15A                                   By _____
HONOLULU HI 96813-4639
                                          By _____
                                          Two Signatures Required on Amounts Over $3,000.00

■479■